## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Sara A. Ciarpaglini, et al., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50322 |
| | ) | |
| Jesse White, et al., | ) | |
| | ) | |
| *Defendants.* | ) | Judge Frederick J. Kapala |

## **ORDER**

Plaintiffs' motion to reopen, for reconsideration, or for leave to amend the complaint [10] is denied.

## **STATEMENT**

On October 31, 2014, this court dismissed for failure to state a claim plaintiffs' suit against the Illinois Secretary of State ("the Secretary") and his employee for violating their civil rights by not issuing Sara Ciarpaglini a restricted driving permit ("RDP") allowing her to drive while her license is suspended for DUI. The court held that (1) state law provided a remedy for any due process deprivation because the Secretary's decision is subject to review by the Illinois courts under the Illinois Administrative Review Act; (2) plaintiffs have not set forth facts that make it plausible that, by declining to issue the RDP, defendants have placed a substantial burden on Sara's ability to practice her religion; and (3) the allegation that the denial of the RDP to Sara somehow worked a violation of the ADA on Robert is not plausibly pleaded. Plaintiffs now move to reconsider each of these holdings or, alternatively, for leave to amend their complaint.

With regard to the due process claim, plaintiffs maintain that they are seeking money damages which are not available under the Illinois Administrative Review Act and therefore the court erred in holding that they have a potential state-law remedy. Initially, the court notes that plaintiffs have yet to establish that Sara's application for an RDP has already been denied. Nevertheless, plaintiffs misconstrue the significance of the state-law right to appeal the denial of an RDP. If the Secretary's decision is overturned Sara will have her RDP and plaintiffs will have no claim for damages. If, on the other hand, the Secretary's decision is ultimately upheld on appeal any due process claim could thereafter be evaluated. As explained in this court's previous order the availability of this state-law remedy precludes plaintiffs' due process claim. Additionally, the existence of this state-law remedy cannot be overcome by amendment of the complaint. See <u>Bausch v. Stryker Corp.</u>, 630 F.3d 546, 562 (7th Cir. 2010) (explaining that a district court may deny leave to file an amended complaint in the case of futility of amendment). Plaintiffs also reargue Sara's First Amendment claim but advance no new argument or explain how they could amend their complaint to plausibly state a First Amendment claim. Motions for reconsideration are not a vehicle

for rearguing previously rejected arguments." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). As for the ADA claim, plaintiffs argue that the Secretary must accommodate Robert's disability by allowing Sara to drive him to his medical appointments. Plaintiffs have not, however, plausibly pleaded facts showing that the Secretary has a duty to accommodate Robert or indicated how they could do so through amendment of their complaint. Therefore, plaintiffs' motion to reopen, for reconsideration, or for leave to amend the complaint is denied.

Date: 11/17/2014

ENTER:

_____
FREDERICK J. KAPALA

District Judge